UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY LEROY STANLEY #326530,

    Plaintiff,

v.                                                    Case No. 2:15-cv-87
                                                     HON. ROBERT HOLMES BELL

TODD MENARD,

    Defendant.

                                         /

### REPORT AND RECOMMENDATION

Plaintiff Johnny Leroy Stanley, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Todd Menard. Plaintiff alleges that Defendant Menard violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by not allowing Plaintiff to have his crutches inside his cell and by not providing access to a handicap-accessible shower.[1] Defendant Menard has moved for summary judgment. (ECF No. 51.) Plaintiff subsequently moved for partial summary judgment. (ECF No. 53.) Both parties have responded. This matter is now ready for decision.

---

[1] Plaintiff's initial complaint appears to have alleged a Fourteenth Amendment violation against Defendant Menard. (ECF No. 1.) Defendant Menard stated in his brief that Plaintiff only has an Eighth Amendment claim remaining. PageID.473. Assuming Plaintiff is asserting a Fourteenth Amendment claim, it should be dismissed. To the extent the Fourteenth Amendment claim alleges a substantive due process violation, the claim should be dismissed because the Eighth Amendment provides an explicit source of constitutional protection concerning Plaintiff's medical claims. *See Dodson v. Wilkinson*, 304 F. App'x. 434, 438 (6th Cir. 2008) (finding that because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). To the extent the Fourteenth Amendment claim alleges a procedural due process violation, the claim should be dismissed because Plaintiff has not proved the inadequacy of state post-deprivation remedies. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).

On July 4, 2014, Plaintiff was attacked by some fellow prisoners at Kinross Correctional Facility (KCF). PageID.369. As a result of this attack, Plaintiff suffered a broken right ankle and was taken to a hospital. PageID.369-370. At the hospital, the doctor placed a "soft cast" around Plaintiff's ankle. Plaintiff was told to avoid putting any pressure on his ankle. PageID.385, 435-436.

Plaintiff returned to KCF on July 5, 2014. Upon his return, a nurse at KCF ordered that Plaintiff should be housed in a cell on the ground floor to avoid any steps. PageID.384. In addition, the nurse ordered that Plaintiff have a bottom bunk, crutches, an extra pillow to elevate his foot, and ice. PageID.384. Due to concerns regarding Plaintiff's safety, he was placed in a segregation cell. While housed in segregation, all of Plaintiff's meals were brought to his cell. PageID.376. Moreover, a nurse visited Plaintiff frequently—medical records show a nurse visited Plaintiff 12 days in July, 2014, and on August 1, 2014. PageID.383-400. Defendant Menard was the Assistant Resident Unit Supervisor of the segregation area at KCF during this time.

Although Plaintiff was authorized to use crutches, Defendant Menard would not allow the crutches inside the segregation cell. PageID.375. Plaintiff alleges that he had to hop around his cell to avoid putting any pressure on his right ankle. PageID.376. Plaintiff also alleges that he had trouble getting in and out of the shower because the shower was not handicap-accessible. PageID.373-374. Plaintiff was allowed to use his crutches to get to the shower. PageID.373. However, the wet floors made it difficult to use the crutches in the shower area. PageID.373. To enter the shower, Plaintiff had to step over a foot high "lip." PageID.373. Plaintiff alleges that he had to grab the "fenced caged door" in an attempt to balance himself

while hopping over the "lip." PageID.373. Once inside the shower, there was a plastic chair to sit down on. PageID.373.

On July 10, 2015, Plaintiff filed a grievance requesting a transfer to a facility where he could have a handicap-accessible shower. PageID.446. Defendant Menard interviewed Plaintiff shortly thereafter. PageID.447. Through his investigation, Defendant Menard determined that Plaintiff's living conditions were normal for temporary segregated inmates and that Plaintiff could not be transferred because he needed to remain in protection. PageID.447.

On July 13, 2014, Plaintiff allegedly slipped and fell while entering the shower. Plaintiff did not suffer any serious injuries from this fall but claims that it was very painful. PageID.374. On July 16, 2014, Plaintiff had surgery on his broken ankle, during which a doctor inserted a plate and several screws. PageID.396. Plaintiff was instructed again to keep weight off his ankle. PageID.396. After the surgery was performed, Plaintiff returned to his segregation cell.

On July 21, 2014, Plaintiff was told to pack up because he was being transferred to a different facility. PageID.464. However, Plaintiff's transfer was cancelled. PageID.464. Plaintiff was eventually transferred to Chippewa Correctional Facility on August 5, 2014. After his transfer, Plaintiff saw another doctor who re-examined his ankle. PageID.459-460. Because the ankle was not healing properly, Plaintiff had another surgery in November 2014. PageID.466.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant

carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant deprived him of his Eighth Amendment right to be free of cruel and unusual punishment. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. Id. at 104-05; Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* A medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (internal citation and quotation marks omitted).

In this case, Plaintiff has alleged a sufficiently serious medical condition—a broken right ankle. Plaintiff was taken to the hospital where a doctor stabilized the ankle with a soft cast and recommended surgery in the following weeks. PageID.385. The doctor instructed Plaintiff to avoid putting weight on his ankle. PageID.385. Plaintiff alleges that by not having crutches inside his cell and not having access to a handicap-accessible shower, he was incarcerated under conditions posing a substantial risk of serious harm to his injured right ankle. Moreover, Plaintiff alleges that these conditions may have led to his ankle not healing correctly, which ultimately made a second surgery necessary. PageID.417-418. In addition, Defendant Menard does not advance any argument that the medical condition was not sufficiently serious. PageID.360. In the opinion of the undersigned, a reasonable jury could find that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less

than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Defendant Menard argues that this case "is a classic example of when a prisoner has done nothing more than dispute the course of his treatment." PageID.360. Defendant states: "Second-guessing a medical decision does not amount to deliberate indifference." PageID.360. However, this case does not involve a disagreement over medical treatment. The doctor and nurse instructed Plaintiff to use crutches, but Defendant Menard would not allow crutches inside Plaintiff's cell. PageID.385, 435-436. Even though meals were brought to his cell, Plaintiff still had to move around in the cell and it was difficult to "hop" around. In addition, Plaintiff had a lot of trouble entering and exiting the shower because he had to hop over a foot high "lip." PageID.373-374. At least on one occasion, Plaintiff fell getting into the shower. PageID.374. Defendant Menard was told about Plaintiff's problem accessing the shower in his grievance. PageID.447. Plaintiff is not second guessing any medical decisions. Moreover, Defendant Menard does not raise any argument objecting to his knowledge of Plaintiff's injury or the conditions that Plaintiff face while incarcerated. In the opinion of the undersigned, a reasonable jury could find that Defendant Menard was deliberately indifferent to Plaintiff's serious medical needs.

In addition, Defendant Menard argues that even if he violated Plaintiff's constitutional rights, he is entitled to qualified immunity because the law was not clearly established in 2014. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In making a qualified immunity determination the court must decide whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816.

In this case, the constitutional right at issue is the right to be free from cruel and unusual punishment while in confinement. The Sixth Circuit has recognized that accommodating a prisoner's disabilities has been clearly established law for some time now:

> Indeed, the law regarding prison conditions is clear. The Constitution does not mandate comfortable prisons, but it does not tolerate inhumane ones. *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970. At core, "[t]he Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle,* 429 U.S. at 102, 97 S.Ct. 285 (internal quotation marks and citation omitted). Thus, it protects against punishments incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id.* (internal quotation marks and citation omitted).
> "As a society, we have grown increasingly sensitive to the need to accommodate individuals with disabilities." *Frost v. Agnos,* 152 F.3d 1124, 1129 (9th Cir. 1998). Numerous courts have held that the failure to provide handicap-accessible bathroom facilities may violate the Eighth Amendment. *See, e.g., Kiman v. N.H. Dep't of Corrs.,* 451 F.3d 274, 287–88 (1st Cir. 2006) (holding that the plaintiff inmate, who suffered from ALS, presented evidence that corrections officers prevented him from

> using a shower chair or accessible shower facilities despite repeated requests); *Frost,* 152 F.3d at 1129 (finding triable issue of fact regarding the failure to provide adequate shower facilities to an inmate who wore a leg cast and used crutches); *LaFaut v. Smith,* 834 F.2d 389, 394 (4th Cir. 1987) (Powell, J., sitting by designation) (holding that paraplegic prisoner who alleged that prison officials had denied him adequate toilet facilities and necessary physical therapy despite the inmate's repeated requests stated an Eighth Amendment claim); *Muhammad v. Dep't of Corrs.,* 645 F.Supp.2d 299, 314–18 (D.N.J. 2008) (holding that amputee prisoner stated an Eighth Amendment claim where he alleged he was assigned to an upper bunk in a cell located from a handicap accessible shower), *aff'd,* 396 Fed.App'x. 789 (3d Cir. 2010); *Schmidt v. Odell,* 64 F.Supp.2d 1014, 1029–33 (D. Kan. 1999) (holding that double amputee forced to crawl around the floor of the jail stated an Eighth Amendment claim).

*Stoudemire v. Michigan Dep't of Corr.*, 614 F. App'x. 798, 802–03 (6th Cir. 2015)

In summary, in the opinion of the undersigned, a triable issue of fact exists with regard to whether the failure to provide Plaintiff with crutches inside his cell and an adequate shower facility resulted in the violation of his constitutional rights. Therefore, it is recommended that Plaintiff's motion for partial summary judgment be denied. (ECF No. 53.)  It is further recommended that Defendant's motion for summary judgment should be denied.  (ECF No. 51.)

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      September 19, 2016                */s/ Timothy P. Greeley*
                                            TIMOTHY P. GREELEY
                                            UNITED STATES MAGISTRATE JUDGE