UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY LEROY STANLEY,

      Plaintiff,

v.

KATHY OLSEN, et al.

      Defendants.

_____/

Case No. 2:15-cv-87

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

On August 19, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for partial summary judgment (ECF No. 53) and Defendant's motion for summary judgment (ECF No. 51) be denied. (ECF No. 62.) The matter is before the Court on Defendant Maynard's objections to the R&R. (ECF No. 63.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Defendant objects to the Magistrate Judge's conclusion that Plaintiff's Eighth Amendment claim should proceed. Defendant argues that the Court should dismiss the claim based on qualified immunity because Plaintiff has done nothing more than dispute the quality of his care.

Qualified immunity is an affirmative defense that extends to government officials performing discretionary functions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Government officials acting within the scope of their authority are entitled to qualified immunity as long as their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. It protects "all but the plainly incompetent or those who knowingly violate the law." *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007). The Sixth Circuit applies a two-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) whether the plaintiff has shown a violation of a constitutionally-protected right; and, if so, (2) whether that right was clearly established such that a reasonable official would have understood that his behavior violated that right. *Shehee v. Luttrell*, 199 F.3d 295, 299-300 (6th Cir. 1999).

Defendant Maynard argues that he is entitled to qualified immunity because Plaintiff's claim sounds in malpractice, and should not be constitutionalized merely because he is a

prison inmate. (ECF No. 63, PageID.503) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). But in his complaint, Plaintiff does not dispute the quality of his medical care. Rather, he alleges that Defendant Maynard was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976). Plaintiff alleges that Defendant Maynard did not allow him to use crutches while in his cell, and he slipped and fell while hopping over the "lip" of the shower. (ECF No. 52-2, PageID.373.)

An Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege a medical need that is sufficiently serious. *Id.* Here, Plaintiff alleged a sufficiently serious medical condition: a broken ankle. To satisfy the subjective component, the plaintiff must show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834. The official must be aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Defendant Maynard knew that Plaintiff had broken his ankle, was wearing a cast, and the doctor and nurse instructed Plaintiff to use crutches. He does not object to his knowledge of Plaintiff's injuries or the conditions that Plaintiff faced while incarcerated.

The right to be free from cruel and unusual punishment while in confinement is clearly established. *Stoudemire v. Mich. Dep't of Corr.*, 614 F. App'x 798, 802-03 (6th Cir. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Further, "[a]s a society, we have grown increasingly sensitive to the need to accommodate individuals with disabilities." *Id.* (citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)). For example, several courts have held that failure to provide handicap-accessible bathroom facilities may violate the Eighth Amendment. *See, e.g., Frost*, 152 F.3d at 1129 (finding triable issue of fact regarding the failure to provide adequate shower facilities to inmate who wore a leg cast and used crutches); *Schmidt v. Odell*, 64 F. Supp. 2d 1014, 1029-30 (D. Kan. 1999) (holding that double amputee forced to crawl around the floor of the jail stated an Eighth Amendment claim).

A reasonable jury could find that Defendant Maynard was deliberately indifferent to Plaintiff's serious medical needs. Therefore, Defendant Maynard's request for qualified immunity is denied. *See Stoudemire*, 614 F. App'x at 805 ("Because the record in this case would allow a jury to infer deliberate indifference to [Plaintiff's] serious medical needs, we hold that the district court properly denied [Defendant's] request for qualified immunity.").

The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned, and Defendant Maynard's objection is without merit. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objection to the R&R (ECF No. 63) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 62) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 53) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 51) is **DENIED**.


Dated: November 17, 2016                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE